[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
Plaintiffs William and Janet De Meo seek a pre judgment remedy of attachment to secure their claim against defendant Richard Stein. They allege defendant Richard Stein failed to perform an agreement to erect a foundation for a modular home and to perform various electrical and carpentry work. Stein, on the other hand, contends that the plaintiffs are barred from enforcing the agreement by the three year limitation period applicable to actions on oral contracts. Because I have CT Page 5341 concluded the plaintiffs' claim is barred by the time limitation applicable to oral contracts. I have denied the application for a prejudgment remedy.
On March 11, 1986, The parties entered into a written contract whereby plaintiffs purchased a modular home. The agreement stated that defendant was acting as a broker. The parties performed the obligations set forth in the written agreement. The modular home was delivered to the plaintiffs' lot by the manufacturer of the home. The plaintiffs paid the full purchase price.
The plaintiffs have shown by way of parol evidence that defendant undertook additional obligations. He agreed to hire a sub-contractor to erect a foundation. He agreed to hire carpenters, electricians, and plumbers. The plaintiffs claim these obligations were not satisfactorily performed.
The Plaintiffs rely on parol evidence to show the material terms of the oral undertaking. The facts which are essential to establish defendant Stein's liability for these obligations have not been shown by a written agreement. For purposes of determining the applicability of the statutes of limitation, the plaintiffs' lawsuit is based on an oral contract. See Matherly v. Hanson, 359 N.W.2d 450 (Iowa 1984); 51 Am.Jur.2d Limitation of Actions 94, 54 C.J.S. Limitations of Actions 60. Accordingly, the three year limitation period set forth in General Statutes 52-581 is applicable to this case. Since this suit was commenced three years after the right of action accrued, the plaintiffs have not established probable cause that they will prevail.
The application for a pre judgment remedy is denied.
THIM, JUDGE